IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JUSTIN D. PICKENS, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 22-0487-TFM-N |
| MOBILE COUNTY METRO JAIL, *et al.,* | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff Justin D. Pickens, a Mobile County Metro Jail ("Metro Jail") inmate proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983 together with a Motion to Proceed Without Prepayment of Fees. (Docs. 10, 11). His action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon consideration of the proceedings, it is recommended that, prior to service of process, this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

Plaintiff initiated this action in the Middle District of Alabama using another court's complaint form. (Doc. 1). Upon this action's transfer to this Court, Plaintiff was ordered to file his claims on the Court's § 1983 complaint form and to file a Motion to Proceed Without Prepayment of Fees (Doc. 7, PageID.4), which he did. (Doc. 10, PageID.13; Doc. 11, PageID.21). Plaintiff was warned in the Court's § 1983 complaint form that he must keep the Court advised of any changes in his address because the failure to notify the Court of a new address will result in the dismissal of his action. (Doc. 10 at 7,

PageID.19). He was likewise advised of this requirement and the consequence of dismissal upon his failure to advise the Court of a new address in the January 11, 2023 Order (Doc. 9 at 3, PageID.11).

The Court's February 8, 2023 Order granted Plaintiff's Motion to Proceed Without Prepayment of Fees and ordered that he pay a partial filing fee of $21.46. (Doc. 12 at 2, PageID.43). The Court sent the Order to Plaintiff at the only address he gave to the Court, the Mobile County Metro Jail's address. The Court received no response from Plaintiff and no returned mail from postal officials. Because Plaintiff did not meet the March 8, 2023 deadline, the Court, *sua sponte*, extended the deadline to April 5, 2023 (Doc. 13, PageID.45). However, Plaintiff's copy of the Court's March 13, 2023 Order extending the deadline was returned to the Court by postal officials. (Doc. 14, PageID.46).

Thereupon, the Court examined the websites for the Mobile County Sheriff's Office/Metro Jail and the Alabama Department of Corrections and discovered that Plaintiff was not in either's custody. Plaintiff did not advise the Court of a change of address, nor does the Court's file contain another address for him.

A court has the inherent authority to dismiss an action *sua sponte* for lack of prosecution through the powers vested in it to manage its affairs. *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). A court is vested with this power "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citation and

internal quotation marks omitted).

Due to Plaintiff's failure to comply with the Court's order and to prosecute this action, and upon consideration of the Court's inherent power and of limited alternatives that are available to it due to Plaintiff's indigency and unavailability, it is recommended that this action be dismissed without prejudice as no other lesser sanction will suffice. *Link*, 370 U.S. at 630, 82 S.Ct. at 1388-89. The Clerk is **DIRECTED** to send this Report and Recommendation to Plaintiff at the last address that he provided the Court, the Metro Jail.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 16th day of May, 2023.

/s/ *KATHERINE P. NELSON*
**UNITED STATES MAGISTRATE JUDGE**